IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNATHAN GOODWIN,  | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-1973-O |
| | § | |
| DALLAS POLICE DEPARTMENT TEAM, | § | |
|     Defendant. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil action brought by a *pro se* litigant.

Parties: Plaintiff resides in Camden, Arkansas. Defendant is the Dallas Police Department. The court did not issue process in this case, pending preliminary screening.

Statement of the Case: On October 13, 2009, Plaintiff filed a complaint seeking "an injunction" against "police officers" who are in "a retaliation mode." On October 21, 2009, the court issued a notice of deficiency and order notifying Plaintiff that his complaint failed to comply with Rule 8(a), Federal Rules of Civil Procedure, and that he had neither paid the $350 filing fee nor submitted a motion for leave to proceed *in forma pauperis*. In response Plaintiff filed a motion to proceed *in forma pauperis* on October 30, 2009, accompanied by an handwritten letter and several typewritten pages requesting "gag and restrain" orders.

On November 3, 2009, the court issued a second deficiency order advising Plaintiff that his October 30, 2009 pleadings failed to comply with Rule 8(a), because it neither included a jurisdictional statement nor a brief statement setting out the facts. The court then granted Plaintiff one additional opportunity to plead his claims against the defendants in compliance with Rule 8(a). The 23-page letter response filed on November 18, 2009, even when liberally construed in accordance with Plaintiff's *pro se* status, fails to comply with Rule 8(a) as previously ordered by the court.

<u>Findings and Conclusions</u>:  Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to submit an amended complaint in compliance with Rule 8(a). He has refused or declined to do so. Therefore, the District Court should dismiss this action without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

---

[1] It is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. Plaintiff's pleadings fail to allege when the events may have occurred. Nevertheless, it is clear that Plaintiff may be nothing more than a recreational litigant, who has refused to comply with similar deficiency orders on five separate occasions in this court. *See* Nos. 3:08cv2138, 3:09cv0552, 3:09cv1462, 3:09cv1463, 3:09cv1464 (all dismissed without prejudice for want of prosecution). Moreover, his pleadings clearly border on contemptuous activity.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

It is further recommended that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #3) be DENIED as moot.

Signed this 26th day of January, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.